*E-Filed 06/22/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN ~~FRANCISCO~~ DIVISION

JOSE

KAREN HANSEN,  No. C 10-0377 RS

        Plaintiff,  **ORDER REGARDING JURY TRIAL DEMAND**

  v.

SAFEWAY INC, et al.,

        Defendant.

_____/

## I. INTRODUCTION

Plaintiff, Karen Hansen, filed a state court complaint against defendants Safeway, Inc. ("Safeway") and Anthony Castro ("Castro") on December 22, 2009, alleging unlawful employment termination. Defendants filed a notice of removal of this action to federal court on January 27, 2010. On April 12, 2010, plaintiff filed a demand for a jury trial, which defendants now seek to have stricken as untimely. In response to defendant's motion to strike, plaintiff filed a motion for designation of a jury trial and, alternatively, a motion for an advisory jury. The matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and the motion hearing set for **June 24, 2010** is **vacated**. For the reasons set forth below, the Court finds insufficient basis to grant relief from plaintiff's untimely jury trial demand. Accordingly, defendant's motion is granted, and plaintiff's motions are denied.

## II. RELEVANT FACTS

On December 22, 2009, plaintiff filed a Complaint against defendants in Monterey County, California Superior Court for damages arising from termination of her employment with Safeway. The Complaint asserts six causes of action against defendants, including employment discrimination, termination in violation of public policy, intentional infliction of emotional distress, and defamation. The Complaint did not pray for a jury trial. Defendants filed and served an Answer in state court on January 25, 2010, which similarly included no demand for a jury trial. On January 27, 2010 defendants removed the action to this Court.

In an affidavit filed with the Court, Patricia K. Gaudoin, plaintiff's counsel, claims that it is her usual practice to include a prayer for a jury trial when filing complaints of this nature. Counsel maintains that she was out of the office from December 21, 2009 through January 4, 2010, however, and asked a colleague at her law firm to file and serve the Complaint. The colleague, apparently, did not include a jury trial demand in the Complaint that he filed. Plaintiff's counsel further maintains that when she received the Notice of Removal from defendants, she assumed the state court Complaint had included a demand for a jury trial. She further attests that it was not until several months later, on April 12, 2010, when she read a draft of defendants' joint case management statement, that she learned neither party had requested a jury trial. Later that day, plaintiff filed a jury trial demand.

Defendants brought the instant Motion to Strike on April 27, 2010, asking the Court to strike plaintiff's demand for a jury trial as untimely. On May 20, 2010, plaintiff filed a "Response to Defendants' Motion to Strike Plaintiffs' Demand for a Jury Trial," as well as a "Motion for Designation of Jury Trial Pursuant to Rule 39(b) and Rule 6(b)(1)(B); alternatively, Motion Pursuant to Rule 39(c) for an Advisory Jury."

//
//
//
//
//

III. DISCUSSION

A.   Motion to Strike Plaintiff's Jury Trial Demand

Pursuant to Federal Rule of Civil Procedure 38(b), a party may demand a jury trial on any issue triable of right by a jury by serving the other parties with a written demand "no later than fourteen days after the last pleading directed to the issue is served." Fed. Rule Civ. Proc. 38(b). A party waives the right to a jury trial under Rule 38 unless the demand is properly served and filed. Fed. Rule Civ. Proc. 38(d); *see also, Solis v. Los Angeles,* 514 F.3d 946, 953-54 (9th Cir. 2008); *Pradier v. Elespuru*, 641 F.2d 808, 810 (9th Cir. 1981). If a case is removed from state court, Rule 81 states that "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal." Fed. Rule Civ. Proc. 81(c)(3)(A). Rule 81 also provides that, if the initial pleadings served and filed at the time of removal do not include a jury trial demand, a party wishing a jury trial must file a demand within fourteen days after being served with the notice of removal. Fed. Rule Civ. Proc. 81(c)(3)(B)(ii).

If no demand for a jury trial is made, a court may, pursuant to a Rule 39(b) motion, order a jury trial on any issue for which a jury might have been demanded. Fed. Rule Civ. Proc. 39(b). Plaintiff asks the Court to adopt the Second Circuit's approach with regards to untimely jury trial requests, in which "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." *Raymond v. Internat'l Bus. Machines Corp.*, 148 F.3d 63, 66 (2nd Cir. 1998). She asks the Court, then, to find that the mistakes of plaintiff's counsel constitute "excusable neglect, or something more than an oversight or inadvertence." (Def. Resp. at 3.) The Ninth Circuit, however, does not follow the Second Circuit's broad interpretation of Rule 39(b), or of Rule 6(b)(2) as it applies to jury trial demands. *See e.g. Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1086-1087 (9th Cir. 2002); *Chandler*, 650 F.2d 983, 987 (9th Cir. 1980). Indeed, the Ninth Circuit has held that a district court's discretion under Rule 39(b) is narrow and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Zivkovic* , 302 F.3d at 1086-1087. "An untimely request for a jury trial must be denied unless some cause beyond mere

inadvertence is shown." *Pacific Fisheries*, 239 F.3d at 1002. Moreover, the Ninth Circuit has also found that extension of time under Rule 6(b) is within the Court's discretion, and should rarely be awarded for an untimely jury trial request. *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975).

Here, plaintiff did not file a timely demand for a jury trial under Rule 38(b) or 81(c), and she does not meet the requirements of Rule 39(b). Plaintiff made no jury trial request when filing the case in state court, nor did she make a demand within fourteen days of removal to federal court. Plaintiff's counsel argues that her mistaken belief that the Complaint included a jury trial demand qualifies as more than mere "oversight or inadvertence," and that the Court should therefore grant plaintiff's Motion under Rule 39(b). This is not so. Indeed, the reasons plaintiff provides for failing to include a jury trial demand are textbook examples of inadvertence and oversight. *See, e.g., Chandler Supply Co v. GAF Corp.*, 650 F.2d at 987-88 n.1 (the fact that the original complaint was drafted by an associate did not excuse the attorney's failure to file a jury trial demand on time); *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1995) (affirming the denial of an untimely jury trial demand filed less than one month late, where counsel conceded unawareness of Rule 38 filing requirement).

Moreover, plaintiff's failure to understand the filing requirements under Rules 38 and 81 represent a "legal mistake," which the Ninth Circuit has held, "does not broaden the district court's narrow discretion to grant an untimely jury demand." *Pacific Fisheries Corp.*, 239 F.3d at 1003. Accordingly, defendant's motion to strike plaintiff's request for a jury trial in this action is granted, and plaintiff's motion for a jury trial is denied.

B.  <u>Plaintiff's Request for Appointment of Advisory Jury</u>

Plaintiff asks the Court, in the alternative, to appoint an advisory jury to hear her claim for equitable relief. Pursuant to Rule 39(c), in an action not triable of right by jury, the Court may try any issue with an advisory jury. Fed. Rule Civ. Proc. 39(c). The trial court has the discretion, but not the duty, to submit an equitable claim to the jury for a binding verdict. *Kramer v. Banc of Am. Sec. LLC*, 355 F.3d 961, 968 n.2 (7th Cir. 2004). If an advisory jury is empanelled, the court is free to accept or reject the advisory jury's findings, but is obligated to make its own independent

assessment of the issues submitted to the advisory jury. *Ashland v. Ling-Temco-Vought, Inc.* 711 F.2d 1431, 1439 (9th Cir 1983). Indeed, the Court still is required, pursuant to Rule 52(a), to make its own findings of fact and conclusions of law. *Levi Strauss & Co v. Abercrombie & Fitch Trading Co.*, No. 07-03752, 2009 U.S. Dist. LEXIS 33923, at *2-3 (N.D. Cal. Apr. 22, 2009). Plaintiff has cited no authority nor explained any particular reason why an advisory jury would be an appropriate use of judicial resources in this case. Therefore, plaintiff's request is denied.

## V. CONCLUSION

Plaintiff's failure to include a jury trial demand in the originally filed Complaint, as well as her failure, timely and properly, to file a jury demand after removal, were oversights which do not justify a revival of the jury trial option under Rule 39(b). Additionally, plaintiff's misunderstanding of the filing requirement under the rules amounts to a legal mistake that is insufficient as a basis for honoring an untimely jury trial demand. Accordingly, defendant's motion to strike plaintiff's jury trial demand is granted, and plaintiff's motion for designation of a jury trial is denied. Furthermore, an advisory jury is unwarranted here so plaintiff's request under Rule 39(c) must also be denied.

IT IS SO ORDERED.

Dated: 6/22/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE